IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
WESTERN DIVISION

| | |
|---|---|
| RAUL FLORES MARIN,<br><br>    Movant,<br><br>vs.<br><br>UNITED STATES OF AMERICA,<br><br>    Respondent. | No. C22-4008-LTS<br>(Crim. No. CR18-4011-LTS)<br><br>**MEMORANDUM<br>OPINION AND ORDER** |

## I.    INTRODUCTION

This matter is before me on Raul Flores Marin's pro se motion (Doc. 1) to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255. Also before me is Marin's motion (Doc. 7) to amend.

## II.    BACKGROUND

On February 21, 2018, Marin was charged by indictment (Crim. Doc. 2) with possession with intent to distribute a controlled substance and possession of a firearm in furtherance of a drug trafficking crime, stemming from a July 19, 2017, traffic stop. His motion to suppress was denied with regard to evidence obtained from the traffic stop but granted as to evidence seized during his March 1, 2018, arrest. Crim. Doc. 53. A December 19, 2018, superseding indictment (Crim. Doc. 59) charged Marin with possession with intent to distribute a controlled substance in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(B) (Count 1); possession of a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1) (Count 2); and conspiracy to distribute a controlled substance in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A) (Count 3). After a four-day trial, a jury found Marin guilty on all three counts. Crim.

Doc. 102. I denied Marin's motion for judgment of acquittal or new trial (Crim. Doc. 113) and sentenced him to 120 months' imprisonment on both Counts 1 and 3, to be served concurrently, and 60 months on Count 2, to be served consecutively, along with five years of supervised release. Crim. Docs. 121, 122.

Marin argued on appeal that the evidence was insufficient to convict him of possession of a firearm in furtherance of a drug trafficking crime and that the July 19, 2017, traffic stop violated his Fourth Amendment rights. *United States v. Marin*, 988 F.3d 1034, 1038 (8th Cir. 2021). The Eighth Circuit affirmed on February 24, 2021. *Id.* On April 2, 2021, the Eighth Circuit denied Marin's petition for rehearing by the panel and petition for rehearing *en banc*. Crim. Doc. 142. Marin signed his § 2255 motion on March 8, 2022, and the court received it on March 10, 2022. Doc. 1.

On April 20, 2023, I entered a Rule 4 order denying Claim 1 of Marin's § 2255 motion but directing the Government to respond to the ineffective assistance of counsel claims Marin raised in Claims 2 and 3. Doc. 4. I also denied his motion to appoint counsel. *Id.* On May 18, 2023, his former counsel filed an affidavit (Doc. 5) responding to the ineffective assistance of counsel claims. On June 14, 2023, the Government filed a resistance (Doc. 6) to Marin's motion. On June 16, 2023, Marin filed a motion (Doc. 7) to amend. On September 29, 2023, Marin filed an untimely reply (Doc. 8).

### III. LEGAL STANDARDS

#### A. *Section 2255 Standards*

A prisoner in custody under sentence of a federal court may move the sentencing court to vacate, set aside or correct a sentence. *See* 28 U.S.C. § 2255(a). To obtain relief, a federal prisoner must establish:

> [T]hat the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by

law, or [that the judgment or sentence] is otherwise subject to collateral attack.

*Id.*; *see also* Rule 1 of the Rules Governing § 2255 Proceedings (specifying scope of § 2255). If any of the four grounds are established, the court is required to "vacate and set the judgment aside and [to] discharge the prisoner or resentence him or grant a new trial or correct the sentence as may appear appropriate." 28 U.S.C. § 2255(b).

When enacting § 2255, Congress "intended to afford federal prisoners a remedy identical in scope to federal habeas corpus." *Sun Bear v. United States*, 644 F.3d 700, 704 (8th Cir. 2011) (en banc) (citation omitted). Section 2255 does not provide a remedy for "all claimed errors in conviction and sentencing." *Id.* (citation omitted). Rather:

> Relief under [§ 2255] is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and, if uncorrected, would result in a complete miscarriage of justice.

*United States v. Apfel*, 97 F.3d 1074, 1076 (8th Cir. 1996) (citation omitted); *see also Sun Bear*, 644 F.3d at 704 ("[T]he permissible scope of a § 2255 collateral attack . . . is severely limited[.]"). A collateral challenge under § 2255 is not interchangeable or substitutable for a direct appeal. *See United States v. Frady*, 456 U.S. 152, 165 (1982) ("[W]e have long and consistently affirmed that a collateral challenge may not do service for an appeal."). Consequently, "an error that may justify reversal on direct appeal will not necessarily support a collateral attack on a final judgment." *Id.* (citation omitted).

"Evidentiary hearings on [§ 2255] motions are preferred, and the general rule is that a hearing is necessary prior to the motion's disposition if a factual dispute exists." *Thomas v. United States*, 737 F.3d 1202, 1206 (8th Cir. 2013). "The district court is not permitted to make a credibility determination on the affidavits alone." *Id.* at 1206; *see also United States v. Sellner*, 773 F.3d 927, 930 (8th Cir. 2014) ("[The] district court abused its discretion when it credited the attorney's affidavit over the petitioners without first holding an evidentiary hearing."). However, no hearing is required "where the

3

claim is inadequate on its face or if the record affirmatively refutes the factual assertions upon which it is based." *See New v. United States*, 652 F.3d 949, 954 (8th Cir. 2011) (citation omitted).

## B.     *Ineffective Assistance of Counsel Standards*

To establish a claim for ineffective assistance of counsel, a movant must prove that his attorney's representation "was 'deficient' and that the 'deficient performance prejudiced the defense.'" *Walking Eagle v. United States*, 742 F.3d 1079, 1082 (8th Cir. 2014) (quoting *Strickland v. Washington*, 466 U.S. 668, 687 (1984)). "Deficient" performance is performance that falls "below an objective standard of reasonableness," *Lafler v. Cooper*, 566 U.S. 158, 163 (2012) (citation omitted), that is, conduct that fails to conform to the degree of skill, care and diligence of a reasonably competent attorney. *Strickland*, 466 U.S. at 687. When evaluating ineffective assistance claims, a court "must indulge a strong presumption that counsel's conduct [fell] within the wide range of reasonable professional assistance" to which a criminal defendant is entitled. *Johnson v. United States*, 278 F.3d 839, 842 (8th Cir. 2002) (citation omitted). Matters of trial strategy are generally entrusted to the professional discretion of counsel and they are "virtually unchallengeable" in § 2255 proceedings. *Loefer v. United States*, 604 F.3d 1028, 1030 (8th Cir. 2010). Counsel is not constitutionally ineffective because of the failure to raise a "relatively sophisticated" and "counter-intuitive argument." *Donnell v. United States*, 765 F.3d 817, 821 (8th Cir. 2014). However, "[s]trategy resulting from lack of diligence in preparation and investigation is not protected by the presumption in favor of counsel." *Holder v. United States*, 721 F.3d 979, 994 (8th Cir. 2013) (citation omitted).

To establish "prejudice," a movant must "show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Lafler*, 566 U.S. at 163 (citation omitted). "Reasonable

4

probability" means "a probability sufficient to undermine confidence in the outcome." *Strickland*, 466 U.S. at 694. That requires a "substantial," not just "conceivable," likelihood of a different result. *Harrington v. Richter*, 562 U.S. 86, 112 (2011). Ultimately, a showing of "prejudice" requires counsel's errors to be "so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." *Id.* at 104 (citation omitted).

Because a movant must show both deficient performance and prejudicial effect, a court reviewing ineffective assistance claims need only address one prong if either fails. *See Williams v. United States*, 452 F.3d 1009, 1014 (8th Cir. 2006). Additionally, each individual claim of ineffective assistance "must rise or fall on its own merits," meaning that courts should not take into account the "cumulative effect of trial counsel's errors in determining Strickland prejudice." *Middleton v. Roper*, 455 F.3d 838, 851 (8th Cir. 2006); *United States v. Brown*, 528 F.3d 1030, 1034 (8th Cir. 2008) ("[W]e have repeatedly rejected the cumulative error theory of post-conviction relief.").

## IV. MOTION TO AMEND

In denying Claim 1 as procedurally defaulted, I stated:

In Claim 1, Marin asserts that his Count 2 conviction under 18 U.S.C. § 924(c) violates his Fifth and Sixth Amendment rights. He contends that Count 2 improperly charged two separate offenses and is duplicitous, that jury instruction 7 about Count 2 was erroneous, and that his indictment was constructively amended. Doc. 1 at 10. More specifically, Marin contends that § 924(c) criminalizes two distinct offenses: (1) the use or carrying of a firearm during and in relation to the underlying crime and (2) possession of a firearm in furtherance of the underlying crime. Doc. 1 at 10 (emphasis added). Marin asserts that the superseding indictment improperly includes both offenses in Count 2 and was thus duplicitous. *Id.* at 10-11. He then asserts that the trial evidence and jury instructions "confused the jury and essentially invited a finding of guilt for an offense that is not criminalized by § 924(c)—possession of a firearm during and in relation to a drug trafficking crime." *Id.* at 11.

5

> Marin procedurally defaulted this claim by failing to pursue it during his original criminal case or on direct appeal. Claims are procedurally defaulted if they could have been brought at an earlier stage of litigation and were not. Specifically, § 2255 relief "is not available to correct errors which could have been raised at trial or on direct appeal." *Ramey v. United States*, 8 F.3d 1313, 1314 (8th Cir. 1993) (per curiam). "In order to obtain collateral review on a procedurally defaulted claim, a habeas petitioner must show either that there was cause for his procedural default and actual prejudice, or that he is actually innocent of the crime for which he was convicted." *Jennings v. United States*, 696 F.3d 759, 764 (8th Cir. 2012) (citing *Bousley v. United States*, 523 U.S. 614, 622 (1998)).
>
> Marin does not address the procedural default of these claims in his motion. He does not establish cause, nor does he assert that he is relieved from his default because he is actually innocent. Because Marin procedurally defaulted on Claim 1, that claim must be denied.

Doc. 4 at 5-6. In his motion to amend, Marin argues he did not intend to bring Claim 1 as a free-standing claim alleging a violation of his Fifth and Sixth Amendment rights. Rather, he was attempting to allege that his counsel was ineffective for failing to move to dismiss Count 2 (the § 924(c) charge) for the reasons set forth in his original motion. He thus seeks to re-assert Claim 1 as an ineffective assistance of counsel claim.

Motions to amend § 2255 motions must generally be filed within the same one-year time period as § 2255 motions. *Mandacina v. United States,* 328 F.3d 995, 999 (8th Cir. 2003); *see also Humphrey v. United States,* No. C19-3023-LTS, 2021 WL 2750339, at *1 (N.D. Iowa July 1, 2021). As noted above, the Eighth Circuit affirmed Marin's conviction on February 24, 2021, and denied Marin's petitions for rehearing on April 2, 2021. Marin did not seek a writ of certiorari, meaning his § 2255 limitation period began to run on August 30, 2021.[1] Marin mailed the § 2255 motion on March 8,

---

[1] A petition for a writ of certiorari typically must be filed within 90 days after entry of the judgment. U.S. Sup. Ct. R. 13.1. "But if a petition for rehearing is timely filed in the lower court by any party, or if the lower court appropriately entertains an untimely petition for rehearing or sua sponte considers rehearing, the time to file the petition for a writ of certiorari for all parties . . . runs from the date of the denial of rehearing or, if rehearing is granted, the

2022, before the end of the limitation period. Thus, I found his original § 2255 motion to be timely. However, he did not mail his motion to amend until June 12, 2023, almost 15 months after he mailed his initial motion and long after one-year § 2255 statute of limitations period expired. Thus, on its face, his motion is untimely.

However, untimely proposed claims from amendments and supplements may relate back to the date of the original motion if the original motion was timely and the amendment asserts a claim arising out of the same "conduct, transaction, or occurrence set out . . . in the original" motion. *Dodd v. United States,* 614 F.3d 512, 515 (8th Cir. 2010) (quoting Fed. R. Civ. P. 15(c)(1)(B)). To arise out of the same conduct, transaction, or occurrence, the claims must be "tied to a common core of operative facts." *Mayle v. Felix*, 545 U.S. 644, 664 (2005) (applying Rule 15(c) to a 28 U.S.C. § 2254 petition). I addressed an almost-identical situation in *Humphrey*. In that case, the movant made substantive claims in his original § 2255 motion and later sought to amend his motion to add ineffective assistance of counsel claims related to those underlying substantive claims. I held that in such a situation, the claims arise out of the same set of facts:

> Humphrey's claim that his counsel provided ineffective assistance by failing to investigate and object to his career offender status implicates the same underlying facts as does a claim that the court erred in classifying him as a career offender. Likewise, his claim that his counsel provided ineffective assistance by failing to investigate and object to the quantity of drugs for which he was held accountable implicates the same underlying facts as does a claim that the court erred in determining that quantity.

---

subsequent entry of judgment." U.S. Sup. Ct. R. 13.3. On March 19, 2020, in response to the COVID-19 pandemic, the Supreme Court issued an order extending the deadline to file any petition for a writ of certiorari to 150 days from the date of the lower court judgment. The Supreme Court rescinded that order on July 19, 2021, but "in any case in which the relevant lower court judgment, order denying discretionary review, or order denying a timely petition for rehearing was issued prior to July 19, 2021, the deadline to file a petition for a writ of certiorari remains extended to 150 days from the date of that judgment or order." Therefore, Marin had 150 days to file a writ of certiorari after April 2, 2021, when the Eighth Circuit denied the petitions for rehearing.

> This is not the end of the inquiry. Beyond sharing a common core of facts, the opposing party must have notice before I can find that Humphrey's claims of ineffective assistance relate back to the claims he made in his initial motion. The notice required for a claim to relate back is "notice of the factual basis for the claim." *Dodd*, 614 F.3d at 514 (citing *Hernandez v. United States*, 436 F.3d 851, 858 (8th Cir. 2006)). While ineffective assistance of counsel is a new theory and may implicate some new facts, "the 'relation back' standards do not require that all facets of a single claim arise from a common core of operative facts for the opposing party to have notice of the factual basis for that claim." *Johnson v. United States*, 860 F. Supp. 2d 663, 761 n.28 (N.D. Iowa 2012). Because there are overlapping factual bases for Humphrey's original claims and his ineffective-assistance-of-counsel claims, I find that the notice requirement has been satisfied.
>
> The final question is of judicial economy and prejudice to the Government. Cutting against Humphrey is the fact that he does not allege any excuse for failing to include these ineffective assistance claims in his original motion. *See United States v. Pittman*, 209 F.3d 314, 318 (4th Cir. 2000) (denying motion to amend in part because the petitioner could have "easily included" his additional claims in his original § 2255 motion). Further, allowing Humphrey to add ineffective assistance of counsel claims would require supplemental briefing. *Johnson*, 2018 WL 2045990, at *3 ("The addition of this new legal theory would require supplemental briefing and would cause prejudice to Respondent."); *cf. Bender v. United States*, No. CIV.04-13-P-H, 2004 WL 2011449, at *7 (D. Me. Sept. 9, 2004) ("[T]he United States has already filed a responsive pleading seeking a disposition on [the original § 2255 motion's] merits."). Despite these countervailing points, where "the original and amended petitions state claims that are tied to a common core of operative facts," as they do here, "relation back will be in order." *Mayle*, 545 U.S. at 664, 125 S. Ct. 2562.

*Humphrey*, 2021 WL 2750339, at *5-6. Based on *Humphrey*, I will grant Marin's motion to amend Claim 1 in order to assert it as an ineffective assistance of counsel claim.

Of course, upon finding that a proposed new claim relates back, I must conduct a Rule 4 frivolousness review of that claim. In this situation, however, that issue is moot. As described in my prior order, Claim 2 in Marin's § 2255 motion is that his "counsel: (1) failed to challenge the duplicitous Count 2 in the superseding indictment and

subsequent constructive amendment of Count 2; (2) failed to challenge the jury instruction for Count 2; and (3) failed to challenge the evidence and closing arguments as inferring that Marin could be convicted of possession of a firearm in relation to, rather than in furtherance of, a drug trafficking offense." Doc. 4 at 6-7. I stated:

> Jury instruction #7, directed to Count 2, states that "Count 2 of the Superseding Indictment charges defendant with possessing a firearm in furtherance of a drug trafficking crime." Crim. Doc. 91-1 at 11. The instruction specifies that for the jury to find the defendant guilty of this offense, the prosecution must prove beyond a reasonable doubt that "the defendant knowingly possessed a firearm . . . in furtherance of that crime" and the phrase "in furtherance of' should be given its plain meaning, that is the act of furthering, advancing or helping forward." *Id*. Thus, the jury was not instructed that it could convict if Marin possessed a firearm in relation to drug trafficking. Instead, the jury was properly instructed on only one of the offenses of § 924(c), appearing to correct any duplicity in the indictment. *See United States v. Davis*, 306 F.3d 398, 416 (6th Cir. 2002); *U.S. v. Nattier*, 127 F.3d 655, 657–58 (8th Cir. 1997) (holding on de novo review that curative jury instruction corrected any duplicity that might have occurred in indictment by charging in one count two separate objects of an alleged conspiracy). However, because of other allegations within Claim 2, I will allow this claim to proceed past initial review because I cannot say at this early stage and without additional information that Claim 2 is patently frivolous.

*Id*. Thus, when considering Claim 1 as an ineffective assistance of counsel claim, it is essentially identical to Claim 2, which I previously allowed to proceed. I will therefore consider those two claims together, below.

### V. ANALYSIS

#### A. *Ineffective Assistance Claims 1 and 2*

As discussed above, Marin argues that counsel: (1) failed to challenge the duplicitous Count 2 in the superseding indictment and subsequent constructive amendment of Count 2; (2) failed to challenge the jury instruction for Count 2; and (3)

9

failed to challenge the evidence and closing arguments as inferring that Marin could be convicted of possession of a firearm in relation to, rather than in furtherance of, a drug trafficking offense. In my prior order, I found that Jury instruction #7 was an accurate statement of one iteration of § 924(c) and did not improperly instruct the jury that Marin could be convicted simply for carrying a firearm in relation to drug trafficking. For that reason, even assuming that counsel was deficient for not moving to dismiss a potential duplicitous indictment, Marin cannot show prejudice because the jury was properly instructed on only a single theory.

Marin also alleges counsel was deficient because he did not investigate case law. Generally, "[t]rial counsel has a duty to conduct a reasonable investigation or to make a reasonable determination that an investigation is unnecessary." *Kemp v. Kelley*, 924 F.3d 489, 500 (8th Cir. 2019). "[T]he duty to investigate does not force defense lawyers to scour the globe on the off chance something will turn up; reasonably diligent counsel may draw a line when they have good reason to think further investigation would be a waste." *Rompilla v. Beard*, 545 U.S. 374, 383 (2005). However, "'strategic choices made after less than complete investigation are reasonable' only to the extent that 'reasonable professional judgments support the limitations on investigation.'" *Wiggins v. Smith*, 539 U.S. 510, 521-22 (2003) (quoting *Strickland v. Washington*, 466 U.S. 668, 690-91 (1984)). Additionally, a court's scrutiny of counsel's performance is "highly deferential," does not "second-guess strategic decisions or exploit the benefits of hindsight," and presumes that counsel's conduct "falls within the wide range of reasonable professional assistance." *Osborne v. Purkett,* 411 F.3d 911, 918 (8th Cir. 2005). To the extent Marin alleges that counsel failed to investigate relevant case law, he cannot show prejudice, because the jury instruction correctly explained a single theory to the jury.[2]

---

[2] Additionally, as the Government points out: "Movant cites case law such as United *States v. Gamboa*, 439 F.3d 796 (8th Cir. 2006) arguing 18 U.S.C. § 924(c) criminalizes two distinct

Marin also argues counsel was ineffective for not objecting to the Government's evidence and closing argument regarding the § 924(c) count. That argument fails for at least two reasons. First, Marin does not allege any specific evidence or statement to which his counsel should have objected. Thus, his argument is completely speculative, and fails to articulate how Marin was prejudiced by counsel's performance. Additionally, as noted in counsel's affidavit:

> The defense was a straightforward strategy that the gun was possessed and used to protect his chickens from predators. It was also argued the drugs were not possessed in furtherance of a drug trafficking as the drugs were for personal use.

Doc. 5 at 4. As noted above, matters of trial strategy are generally entrusted to the professional discretion of counsel and they are "virtually unchallengeable" in § 2255 proceedings. *Loefer*, 604 F.3d at 1030. If anything, counsel is given even more deference regarding closing arguments:

> "[D]eference to counsel's tactical decisions in his closing presentation is particularly important because of the broad range of legitimate defense strategy at that stage." *Id*. at 6, 124 S. Ct. 1. Accordingly, review of closing argument is "highly deferential" to counsel's chosen trial strategy. *Id*.

*Guzman-Ortiz v. United States*, 849 F.3d 708, 714 (8th Cir. 2017).

In this case, counsel articulated and presented a clear theory of the case – that Marin possessed a gun because of his farming activities and possessed drugs for personal use. This was the theory that counsel emphasized in his closing argument. His decision to do so was not so unreasonable as to overcome the deference given to an attorney's strategic choices. Claims 1 and 2 fail.

---

offenses which can lead to confusion and a duplicative charge if the jury instruction and/or evidence presented at trial does not clarify the charge, but rather constructively amends the indictment. That is not the case here [because the instruction was correct]." Doc. 6 at 8.

11

B.   *Claim 3*

In Claim 3, Marin argues that his counsel (1) failed to investigate, object to evidence and move for a downward variance at sentencing; (2) failed to investigate or present the strongest issues on appeal and to preserve issues for collateral review; and (3) had a conflict of interest that affected his performance at trial, sentencing and appeal. Marin does not specify the basis of the alleged conflict of interest. *See* Doc. 1 at 14.

Marin's claims fail for a variety of reasons. First, as to his claims related to sentencing, Marin cannot show prejudice because he received the statutory mandatory minimum sentence. No amount of investigation or additional argument, as relevant to sentencing, could have produced a better outcome for him. Second, his claim that counsel failed to argue in favor of a variance is simply untrue. *See* Crim. Doc. 117. Although counsel did not use the word "variance," he argued that a number of factors, including an overstatement of advisory guideline range, should result in the court granting the lowest possible sentence (the statutory mandatory minimum). *Id.* Counsel also argued in favor of my standard variance pursuant to *United States v. Harry*, 313 F. Supp. 3d 969, 972 (N.D. Iowa 2018) (explaining my categorical disagreement with the methamphetamine guidelines). *Id.* at 3-4. Similarly, counsel objected to portions of the presentence investigation report. *See* Crim. Doc. 114.

Marin's claims related to his appeal are vague and speculative. He asserts:

> Counsel unprofessionally failed to investigate or present the strongest issues available to Mr. Marin for his direct appeal and failed to preserve viable issues for collateral review. But for counsel's unprofessional error, there is a reasonable probability that the outcome of the proceeding would have been different.

Doc. 1 at 14. Marin does not expound on these allegations by explaining what arguments counsel should have made or what facts he should have investigated. His counsel responds:

12

> I did investigate and present the strongest issues available on appeal. The relief Mr. Marin requests is to vacate his gun conviction. The sufficiency of the evidence was the first issue raised on appeal.

Doc. 5 at 4.

"Counsel is not required to raise every potential issue on appeal." *Anderson v. United States,* 393 F.3d 749, 754 (8th Cir. 2005). "Reasonable appellate strategy requires an attorney to limit the appeal to those issues which he determines to have the highest likelihood of success." *Parker v. Bowersox*, 94 F.3d 458, 462 (8th Cir. 1996). The Supreme Court recognized "the importance of winnowing out weaker arguments on appeal and focusing on one central issue if possible, or at most on a few key issues." *Jones v. Barnes*, 463 U.S. 745, 751-52 (1983). Generally, "[t]rial counsel has a duty to conduct a reasonable investigation or to make a reasonable determination that an investigation is unnecessary." *Kemp v. Kelley*, 924 F.3d 489, 500 (8th Cir. 2019). The question is whether "trial counsel was unreasonable in not exploring an alleged defense." *United States v. Vazquez-Garcia*, 211 F. App'x 544, 545 (8th Cir. 2007). "[T]he duty to investigate does not force defense lawyers to scour the globe on the off chance something will turn up; reasonably diligent counsel may draw a line when they have good reason to think further investigation would be a waste." *Rompilla v. Beard*, 545 U.S. 374, 383 (2005). However, "'strategic choices made after less than complete investigation are reasonable' only to the extent that 'reasonable professional judgments support the limitations on investigation.'" *Wiggins v. Smith*, 539 U.S. 510, 521-22 (2003) (quoting *Strickland v. Washington*, 466 U.S. 668, 690-91 (1984)). Here, Marin's generalized allegations do not come close to suggesting deficient performance by his counsel. Similarly, Marin has failed to show prejudice, as he has not explained how any additional investigation or argument might have altered the outcome of his appeal.

Next, Marin alleges that his counsel "labored under an actual conflict of interest." Doc. 1 at 14. However, Marin fails to explain this alleged "actual conflict" and his

13

counsel states that no conflict existed. Doc. 5 at 4. Marin's "conflict" argument has no support in the record.

Finally, Marin makes a cumulative error argument. Because he has failed to allege any actual deficient performance, there is not a set of cumulative errors that could have substantially impacted Marin's case or his constitutional rights. Claim 3 fails.

## VI. CERTIFICATE OF APPEALABILITY

In a § 2255 proceeding before a district judge, the final order is subject to review on appeal by the court of appeals for the circuit in which the proceeding is held. 28 U.S.C. § 2253(a). However, unless a circuit judge issues a certificate of appealability, an appeal may not be taken to the court of appeals. § 2253(c)(1)(A). A district court possesses the authority to issue certificates of appealability under § 2253(c) and Federal Rule of Appellate Procedure 22(b). *See Tiedeman v. Benson*, 122 F.3d 518, 522 (8th Cir. 1997). Under § 2253(c)(2), a certificate of appealability may issue only if a movant has made a substantial showing of the denial of a constitutional right. *See Miller-El v. Cockrell*, 537 U.S. 322, 335–36 (2003); *Tiedeman*, 122 F.3d at 523. To make such a showing, the issues must be debatable among reasonable jurists, a court could resolve the issues differently, or the issues deserve further proceedings. *See Miller-El*, 537 U.S. at 335–36 (reiterating standard).

Courts reject constitutional claims either on the merits or on procedural grounds. "'[W]here a district court has rejected the constitutional claims on the merits, the showing required to satisfy § 2253(c) is straightforward: [t]he [movant] must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong.'" *Miller-El*, 537 U.S. at 338 (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). When a motion is dismissed on procedural grounds without reaching the underlying constitutional claim, "the [movant must show], at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a

14

constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 484.

Having thoroughly reviewed the record in this case, I find that Marin failed to make the requisite "substantial showing" with respect to any of the claims raised in his § 2255 motion. *See* 28 U.S.C. § 2253(c)(2); FED. R. APP. P. 22(b). Accordingly, a certificate of appealability will not issue. If he desires further review of his § 2255 motion, Marin may request issuance of the certificate of appealability by a judge of the Eighth Circuit Court of Appeals in accordance with *Tiedeman*, 122 F.3d at 520–22.

## VII. CONCLUSION

For the reasons set forth herein,

1. Marin's motion (Doc. 7) to amend is **granted**.
2. Marin's request for an evidentiary hearing is **denied**.
3. Marin's motion (Doc. 1) pursuant to 28 U.S.C. § 2255 is **denied** as to all claims and this action is **dismissed with prejudice**.
4. The Clerk of Court shall **close this case**.
5. A certificate of appealability will **not issue**.

**IT IS SO ORDERED** this 31st day of March, 2025.

_____
Leonard T. Strand
United States District Judge